| | |
|---|---|
| IN THE UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF PENNSYLVANIA | |
| BISHNU C. BORAH, M.D., P.C., and<br>BISHNU BORAH, M.D.,<br><br>      Plaintiffs,<br><br>  v.<br><br>MONUMENTAL LIFE INSURANCE CO.,<br>et al.<br>      Defendants. | Civil Action No.<br><br>2:04-cv-03617-BMS |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF SEA NINE ASSOCIATE S TO DISMISS THE COMPLAINT**

Sea Nine Associates, by and through its undersigned counsel, The Law Offices of Robert M. Bovarnick, hereby files the within Memorandum of Law in Support of Motion of Sea Nine Associates to Dismiss the Complaint. In support thereof, the Movant states as follows:

**I.
INTRODUCTION AND BACKGROUND**

On or about July 30, 2004, Bishnu C. Borah, M.D., P.C. and Bishnu Borah, M.D. (collectively the "Plaintiffs"), commenced this litigation by filing a Complaint and Jury Demand (the "Complaint"). The caption of the Complaint lists twenty (20) defendants. This Memorandum of Law relates to one of those defendants, to wit: Sea Nine Associates ("Sea Nine").

On or about December 8, 2004, the Plaintiffs filed a Verification of Service, pursuant to which the Plaintiffs are apprising this Court how and when each of the Defendants, including Sea Nine, were served with the Complaint and the Summons. The documentation regarding Sea Nine

is addressed as follows: "SEA NINE ASSOCIATES, 7971 Seawall Circle, Huntington Beach, CA 92648." The transmittal letter, which apparently was sent "Regular Mail and Certified Mail/Return Receipt Requested" was not addressed to any particular individual. Rather, the letter is addressed to "Dear Sir/Madam." The Return Receipt is not attached to the filing, so it impossible to determine who was the anticipated recipient of the letter, or who actually signed the Return Receipt. If, as alleged by the Plaintiffs, Sea Nine was and is a sole proprietorship, service could only be proper if the Complaint and Summons were served on Steven Ross, the sole proprietor. However, with Ross being deceased, such service would prove impossible.

## ARGUMENT

### A. THE COMPLAINT MUST BE DISMISSED FOR FAILURE TO PROPERLY EFFECTUATE SERVICE UPON SEA NINE

Rule 4 of the Federal Rules of Civil Procedure sets forth the proper manner of service of a complaint and summons. Rule 4(d), entitled "Waiver of Service; Duty to Save Costs of Service; Request to Waive", sets forth the manner in which a party can be served by mail. Rule 4(d)(2) provides, in part "[t]o avoid costs, the plaintiff may notify such a defendant of the commencement of the action and request that the defendant waive service of a summons." The Rule then sets forth the procedure and required contents of the notice. Unless service is waived under Rule 4(d), it is to be made as set forth in Rule 4(c). Rule 4(c)(2) provides, in part, that "[s]ervice may be effected by any person who is not a party and who is at least 18 years of age."

It must then be determined whether service on Sea Nine is to be effectuated under the provision pertaining to individuals or corporations. If Sea Nine is a sole proprietorship, as alleged in paragraph 13 of the Complaint, service must be made upon an individual. If Sea Nine is a corporation, service must be made under those provisions.

Rule 4(e), entitled "Service Upon Individuals Within a Judicial District of the United States," sets forth the manner to serve an individual. Service is to be made either (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon a defendant…or (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling houses or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process."

As set forth in the Verification of Service, Sea Nine was served at 7971 Seawall Circle, Huntington Beach, CA 92648. Clearly, since Mr. Ross was deceased, service could not have been made personally. There is no indication that such address is the residence of Mr. Ross. Similarly, there is no indication that service was made by leaving a copy with some person of suitable age and discretion or to an agent authorized by law to receive service of process.

The only viable alternative is for the Plaintiff to argue that Sea Nine is a corporation (which is squarely inconsistent with the allegations in the Complaint). If so, then service is to be made as set forth in Rule 4(h), entitled "Service Upon Corporations and Associations." This Rule provides, in part, that "service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name…shall be effected: (1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant…" As the letter attached to the Verification

of Service is not addressed to any particular individual and starts out "Dear Sir/Madam" there can be no dispute but that service was not effected in this manner.

Rule 4(m) of the Federal Rules of Civil Procedure requires that a complaint be dismissed unless effective service has been made within one hundred twenty (120) days of the filing of the complaint. As the Complaint was filed on July 30, 2004, the last day to make effective service on Sea Nine would have been November 30, 2004. Since the Plaintiff failed to make effective service on a timely fashion, the Complaint must be dismissed.

### B. THE COMPLAINT SHOULD BE DISMISSED AS THE PLAINTIFFS CANNOT STATE ANY RECOVERABLE CLAIMS AGAINST A SOLE PROPRIETORSHIP WHERE THE SOLE PROPRIETOR IS DECEASED

The Complaint must be dismissed as against Sea Nine as the Plaintiffs cannot, as a matter of law, present and pursue any claims against Sea Nine.

The Plaintiffs contend, at paragraph 16 of the Complaint that "Sea Nine was, upon information and belief a sole proprietorship operated by [Steven] Ross…" At paragraph 13 of the Complaint, the Plaintiff acknowledges that "Ross is now deceased."

A sole proprietorship is defined as "a form of business in which one person owns all of the assets of the business in contrast to a partnership, trust or corporation." Black's *Law Dictionary* 1392 (6th Ed. 1994). As the assets of a sole proprietorship are owned by the individual, so are the liabilities solely the responsibility of the individual. Since the sole proprietor of Sea Nine is deceased, any claims against the sole proprietor (as opposed to the estate of the sole proprietor) died with him.

Rule 17 of the Federal Rules of Civil Procedure, entitled "Parties Plaintiff and Defendant; Capacity" provides the rules regarding capacity for a defendant to be sued. Rule 17(b), entitled "Capacity to Sue or Be Sued" provides, in part, that [t]he capacity of an individual,

other than one acting in a representative capacity, to …be sued shall be determined by the law of the individual's domicile." As such, reference must be made to the substantive law of California.

It is axiomatic that a dead person cannot be a party to an action commenced after his death, and as Plaintiffs acknowledge that Ross died prior to the institution of the action, the Complaint must be dismissed as against him because a judgment cannot be given in favor of or against one who is not a party to the action. See, *Fazzi vs. Peters,* 68 Cal. 2d 590, 594, 440 P. 2d 242 (1968).

Under California law, death before the action is commenced, as in the present case, renders the judgment void as to the decedent because he was never a party to the action. The plaintiff may have a judgment against a person, but not a party. See, *Conlin vs. Blanchard,* 219 Cal 632, 635, 28 P. 2d 12 (1933).

Similarly, since the Plaintiffs acknowledge that Sea Nine was a sole proprietorship operated by Mr. Ross, the Complaint must be dismissed against it. An action against a dead person does not invoke the jurisdiction of the Court because any proceeding initiated against a dead person is void . See, *Fazzi* and *Conlin*, *supra*.

There is no legal distinction between a sole proprietor and a fictitious business name he may use. A sole proprietor doing business under a fictitious name does not create a legal entity separate from himself, herself, as is the case with a partnership because, in California, a partnership may be sued in its own name, pursuant to California Code of Civil Procedure Section 369.5. But, observed in CAL. PRAC. GUIDE: CIV. PRO. BEFORE TRIAL (The Rutter Group 2004) at Chapter 6, PLEADINGS, ¶6.73, page 6-19:

> "**As defendant**: A sole proprietor should be sued in his individual name; the business name can be disregarded." (Emphasis of author.)

Therefore, the complaint on file herein, and each of its causes of action, fails to state facts sufficient to constitute a cause of action against this defendant: Steven Ross dba Sea Nine Associates because Steven Ross and Sea Nine Associates are the identical entity.

### C. SUMMARY OF ARGUMENT WHY THE COMPLAINT ON FILE HEREIN MUST BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 9(b)

The substance of Plaintiffs' allegations is that defendant Ross (admittedly deceased) and Sea Nine (admittedly a sole proprietorship of the deceased defendant Ross) engaged, as "PES Defendants" in a fraudulent course of conduct to deprive Plaintiffs of their rights and money. Sea Nine contends the Complaint fails to state a claim upon which relief can be granted because all claims (with the exception of Count X "Negligent Misrepresentation" and Count XIII "Respondent Superior") are based upon fraud, but are not pled with the particularity required under Federal Rule of Civil Procedure 9(b).

### D. THE FIRST COUNT (RICO) MUST BE DISMISSED AS IT IS BASED UPON FRAUDULENT CONDUCT AND IS NOT PLED WITH THE PARTICULARITY REQUIRED UNDER FEDERAL RULE OF CIVIL PROCEDURE 9(b)

The First Count, and all remaining Counts, are based upon fraud because Subsection E of the Complaint is incorporated into each remaining Count and consists of Paragraph 89 through 97 of the Complaint. Subsection E is titled "***The Misrepresentations, Omissions and Other Deceptive Conduct of Defendants in Marketing of the VEBA Scheme***." And, the paragraphs set out therein (89 to 97) consist, entirely, of fraud allegations, concluding with Paragraph 97 that states:

> "Plaintiffs only recently learned, based upon other litigation against defendants brought by other victims of the VEBA scheme, that they (*sic*) were **fraudulent *(sic)* induced** to participate in the VEBA Plan and have lost most, if not all of their contributions to the VEBA program." (Emphasis added.)

The First Count fails to state a claim upon which relief can be granted because it does not state the facts or circumstances constituting the facts of the fraud and the fraudulent misrepresentations with particularity as required by Federal Rule of Civil Procedure 9(b). See, *Desaigoudar v. Meyercord,* 223 F. 3d1020,, 1022-1023 (9th Cir. 2000):

> "The complaint clearly **sounds in fraud**. Thus, Federal Rule of Civil Procedure 9(b) and the PSLRA require Desaigoudar to **plead her case with a high degree of meticulousness**. *See Yourish v. California Amplifier,* 191 F.3d 983, 993 (9th Cir. 1999) (noting applicability of Rule 9(b) to securities fraud claims); *In re Silicon Graphics Inc. Securities Litigation*, 183 F.3d 970, 996 (9th Cir. 1999) (describing heightened pleading standard of the PSLRA). **Rule 9(b) mandates that 'in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.'** The PSLRA modifies Rule 9(b), providing that a securities fraud plaintiff **shall identify: (1) each statement alleged to have been misleading; (2) the reason or reasons why the statement is misleading; and (3) all facts on which that belief is formed**. *See In re Silicon Graphics,* 183 F.3d at 996; 15 U.S.C. § 78u-4(b)(1). The district court found that Desaigoudar did not comply with these standards. We agree." (Emphasis added.)

In this case, there is no question but that the First Count is based upon fraud, pursuant to Paragraph 97, set out, *supra*. And plaintiffs' charging allegations against Sea Nine are deficient because they provide the no indication of the fraudulent conduct of Sea Nine, and of which Plaintiffs complain, as they are both conclusory and disjunctive. See *Moore v. Kayport Package Express, Inc,* 885 F. 2d 531, 540 (9th Cir. 1989):

7

> "***Rule 9(b),*** which applies to securities actions brought under section 10(b) and rule 10b-5, ***requires particularity in pleading the circumstances of the alleged fraud***. *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1439 (9th Cir. 1987) (citing *Semegen v. Weidner,* 780 F.2d 727, 734-35 (9th Cir. 1985)). A pleading is sufficient under rule 9(b) if it ***identifies the circumstances constituting fraud*** so that ***a defendant can prepare an adequate answer from the allegations***. *Id.* While statements of the time, place and nature of the alleged fraudulent activities are sufficient, ***mere conclusory allegations of fraud are insufficient***. *Id.*" (Emphasis added.)

In this action, the First Count, as are the remaining counts, is totally dependant upon the fraud allegations set out at paragraphs set 89 to 97, and these allegations are, simply, too general to support an action based upon fraud as they set form nothing but conclusions of law, with no specific facts set out to support them. For example, a representative selection of the fraudulent conduct committed by *all* of defendants at Paragraph 9 is that:

> "Beginning in 1990, defendants induced physicians, physician practices and others (including plaintiffs) to participate in and contribute substantial sums to the VEBA plan by making false statements, by failing to disclose material information, and through other deceptive conduct. The defendants activities included but were not limited to the following:
>
> a. "misrepresenting that participants in the VEBA plan would receive favorable tax treatment, including 100% tax deductions for their contributions and significant amounts of 'tax free' retirement income;
>
> b. failing to disclose the risk that the IRS would challenge and disallow the tax treatment claimed by defendants;
>
> c. misrepresenting that the VEBA plan had been endorsed by various legitimate medical associations;
>
> ….
>
> j. using false and/or misleading illustrations;

m. misrepresenting that contributions would be held in trust by reputable financial institutions and that the insurance products would be underwritten by financially solvent insurers;

n. failing to disclose the commissions or royalties would be received by the various defendants;

p. Failing to disclose that representations and statements made to the IRS and state authorities regarding aspects of the VEBA plan were false and contradicted statements and representations made to class members on the same topics."

The above allegations of fraudulent conduct do not satisfy the test of *Desaigoudar*, *supra*, that requires that a:

> "plaintiff shall identify: (1) each statement alleged to have been misleading; (2) the reason or reasons why the statement is misleading; and (3) all facts on which that belief is formed."

In this action, plaintiffs do not plead the specific facts required under Rule 9(b) relying, instead on mere generalities not connected to any particular defendant, any particular time, or any statement why a "misrepresentation" is false.

In fact, the pleading of the First Count is so general as to violate the less demanding mandates of Rule 8 so as to provide defendants with a "fair notice" of the claim being asserted against them, and the grounds upon which it exists and this "serves to prevent costly discovery on claims with no underlying factual or legal basis." See, *Migdal v. Rowe Price-Fleming Int'l, Inc.* (4th Cir. 2001) 248 F3d 321, at 326.

> "Rule 12(b)(6), however, is not without meaning. 'The presence [ ] of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the ***facts alleged in the complaint' cannot support the legal conclusion***. *Young v. City of Mount Ranier,* 238 F.3d 567, 577 (4th Cir. 2001). And 'although the pleading requirements of Rule 8(a) are very liberal, ***more detail often is required than the bald statement by plaintiff that he has a valid***

*claim of some type against defendant*.' 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure ß 1357 at 318 (2d ed. 1990). This requirement *serves to prevent costly discovery on claims with no underlying factual or legal basis*. 'Conclusory allegations in a complaint, if they stand alone, *are a danger sign that the plaintiff is engaged in a fishing expedition*.' *DM Research v. College of Am. Pathologists,* 170 F.3d 53, 55 (1st Cir. 1999). (Emphasis added.)

The court in *Migdal*, *supra*, when on to hold, at page 328:

"While we certainly do not expect plaintiffs to prove a claim in their complaint, they must state a claim therein. Rule 12(b)(6) *requires more than the mere recitation of boilerplate statutory language*. While *Rule 8 is a liberal standard, plaintiffs cannot simply promise the court that once they have completed discovery, something will turn up*. Rather before they are permitted to proceed to discovery, plaintiffs must have *some factual basis for believing that a legal violation has actually occurred*. In this case, *plaintiffs have alleged nothing to suggest that the investment advisers' fees are excessive*. Accordingly, the district court was correct in ruling that plaintiffs failed to state a claim and thus satisfy the requirements of Rule 12(b)(6)."

Accordingly, even if the First Count is tested by the more liberal standards of pleading than Federal Rule of Civil Procedure 9 (b), this motion should be granted.

### E. THE REMAINING COUNTS (2 THROUGH 14) ARE ALSO DEFECTIVE FOR THE IDENTICAL REASONS AS SET FORTH AGAINST COUNT 1.

All of the remaining counts are based upon fraud, incorporating all preceding paragraphs including Paragraphs 89 to 97, and are therefore defective for the identical reasons as set forth, *supra*.

## F. INCORPORATION OF THE MEMORANDUM OF LAW IN SUPPORT OF MONUMENTAL DEFENDANT'S MOTION TO DISMISS

On or about December 17, 2004, Monumental Life Insurance Company and AEGON USE, INC. (collectively the "Monumental Defendants") filed the Memorandum of Law in Support of Monumental Defendant's Motion to Dismiss ((the "Monumental Memorandum of Law"). Sea Nine incorporates herein by reference the arguments presented by the Monumental Defendants.

## CONCLUSION

For the foregoing reasons, this Motion To Dismiss should be granted.

The Law Offices of Robert M. Bovarnick

By:    /s/ Robert M. Bovarnick
Robert M. Bovarnick, Esquire
Two Penn Center Plaza, Suite 1310
1500 J.F.K. Boulevard
Philadelphia, PA 19102
(215) 568-4480

Attorney for Steven R. Ross, Kenneth Elliot, AE Consultants, Silvia Calhoun Ross & Sea Nine Assoc.

Date: January 14, 2004