IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BISHNU C. BORAH, M.D., P.C., : | |
| and BISHNU BORAH, M.D., : | |
|         Plaintiffs, : | CIVIL ACTION |
| : | |
| v. : | |
| : | |
| MONUMENTAL LIFE INSURANCE : | |
| COMPANY, et al., : | No. 04-3617 |
|         Defendants. : | |

## MEMORANDUM AND ORDER

Schiller, J.                                                                                                                                                 February 14, 2005

      Plaintiffs Bishnu Borah, M.D. ("Borah") and Bishnu C. Borah, M.D., P.C. ("Borah, M.D.") bring this action alleging RICO violations, violations of the New Jersey Racketeering Act and the New Jersey Consumer Fraud Act, fraud, negligent misrepresentation, breach of fiduciary duty, respondeat superior, and conspiracy. Presently before the Court is the motion of Defendant Sea Nine Associates ("Sea Nine") to dismiss. For the reasons below, this Court grants the motion.

## I.    BACKGROUND

      The following allegations are taken from the Complaint and accepted as true for purposes of the instant motion. Borah practices medicine through Borah, M.D. The numerous Defendants in this action are insurance companies, insurance salespersons, financial services companies, and financial planners who have engaged in a scheme to induce Plaintiffs to participate in a program of life insurance known as Continuous Group ("C-Group") life insurance. (Compl. ¶ 1.) Various Defendants marketed the C-Group life insurance through Voluntary Employee Benefit Associations

("VEBA"). (*Id.*) Although these VEBA plans were presented as tax-deductible options in which medical corporations, like Borah, M.D., could participate, Defendants knew that contributions to the plan were not tax-deductible. (*Id.*) Despite the fact that the IRS expressly took no position on the issue, Defendants deceived employers into believing that the IRS had ruled that contributions to VEBAs were tax-deductible. (*Id.* ¶ 48.) Beginning in 1990, Defendants engaged in deceptive conduct that led Plaintiffs to contribute over $100,000 to the VEBA program, contributions that have subsequently been lost. (*Id.* ¶¶ 90, 94, 96-97.)

Defendant Steven Ross engaged in the business of selling insurance and insurance-related products. (*Id.* ¶ 13.) At the time Plaintiffs filed the Complaint, Ross was deceased. (*Id.*) Defendant Sea Nine was a sole proprietorship operated by Ross in California that designed, marketed, and sold insurance and insurance-related products, as well as administrative services related to the business of insurance and other benefit-related plans. (*Id.* ¶ 16.) Sea Nine has continued operations since Ross' death. (*Id.*)

## II. STANDARD OF REVIEW

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true all of the factual allegations pleaded in the complaint and draw all reasonable inferences in favor of the non-moving party. *Bd. of Trs. of Bricklayers & Allied Craftsmen Local 6 of N.J. Welfare Fund v. Wettlin Assocs., Inc.*, 237 F.3d 270, 272 (3d Cir. 2001). A motion to dismiss will only be granted if it is clear that relief cannot be granted to the plaintiff under any set of facts that could be proven consistent with the complaint's allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

Although, in deciding a motion to dismiss, courts generally consider only the allegations in the complaint, exhibits attached to the complaint, and matters of public record, a court may also consider an undisputably authentic document attached to a defendant's motion where plaintiff's claims are based on the document. *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

## III. DISCUSSION

Defendant Sea Nine moves to dismiss on the grounds that it cannot be sued because it was a sole proprietorship whose sole proprietor, Ross, died. Therefore, the claims against Sea Nine hinge upon its status as a sole proprietorship. According to the Complaint, Sea Nine is a sole proprietorship operated by Ross in California. (Compl. ¶ 16.) A sole proprietorship is "[a] business in which one person owns all the assets, owes all the liabilities, and operates in his or her personal capacity." BLACK'S LAW DICTIONARY 1427 (8th ed. 2004); *see also Ladd v. Scudder Kemper Invs., Inc.*, 433 Mass. 240, 243 (2001) (providing definitions of sole proprietorship that all recognize that a single individual owns the business). The capacity to sue or be sued is set out in Federal Rule of Civil Procedure 17(b), which directs that,

> the capacity of an individual . . . to sue or be sued shall be determined by the law of the individual's domicile. The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized. In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held . . . .

FED. R. CIV. P. 17(b) (2005); *see also Moorer v. Hartz Seed Co.*, 120 F. Supp. 2d 1283, 1287-88 (M.D. Ala. 2000) (applying law of forum to determine capacity of sole proprietor to sue). Therefore, under Rule 17(b), the capacity of Sea Nine to sue or be sued is determined with reference to

3

Pennsylvania law.[1] *See* FED. R. CIV. P. 17(b) ("In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held . . . .") Under Pennsylvania law, a sole proprietorship is not legally separate from its owner. *The Glidden Co., Inc. v. Dept. of Labor & Indus.*, 700 A.2d 555, 558 (Pa. Commw. Ct. 1997) ("A sole proprietorship has no existence separate and apart from its owner.") As Sea Nine has no legal existence apart from its owner, Steven Ross, it cannot be sued separately and must be dismissed from this action. *See Cashco Oil Co. v. Moses*, 605 F. Supp. 70, 71 (N.D. Ill. 1985) (dismissing sole proprietorship from action because it had no separate legal existence apart from owner and could not be sued along with owner under the relevant applicable law). The individual owner remains personally liable for all of the business' obligations. "Doing business under another name does not create an entity distinct from the person operating the business; the firm name and the sole proprietor's name are but two names for one person." 65 C.J.S. *Names* § 14 (2004).

It is also clear that "[a] dead man cannot be a party to an action and any such attempted proceeding is completely void and of no effect." *Thompson v. Peck*, 320 Pa. 27, 30 (1935); *see also Slayden v. O'Dea*, 189 P. 1062, 1064 (Cal. Dist. Ct. App. 1919) ("*Jurisdiction no more can be obtained by a court over a defunct corporation than over the person of a dead man.*") (emphasis added). Plaintiffs obviously recognize this fact, as they have consented to the dismissal of their

---

[1] Apparently relying on the conclusion that a sole proprietorship has no existence separate from its owner, Sea Nine urges the Court to apply California law under Rule 17(b). (Mem. of Law in Support of Mot. of Sea Nine Assoc. to Dismiss the Compl. at 4.) The choice of law issue is academic however, because under California law a sole proprietorship is also not legally separate from its owner. *Burger v. Kuimelis*, 325 F. Supp. 2d 1026, 1033 (N.D. Cal. 2004); *see also Providence Wash. Ins. Co. v. Valley Forge Ins. Co.*, Cal. Rptr. 2d 192, 194 (Cal. Ct. App. 1992) ("A sole proprietorship is *not* a legal entity itself. Rather, the term refers to a natural person who *directly* owns the business. . . .") (emphasis in original).

claims against Ross.  (*See* Pls.' Mem. in Resp. to Mots. to Dismiss at 2.)  It is undisputed that Sea Nine Associates was a sole proprietorship operated by Ross. (Compl. ¶ 13.)  As a sole proprietorship is not a legal entity apart from the sole proprietor, and an action cannot be brought against a dead man, the claims against Sea Nine must be dismissed.  *See Glidden*, 700 A.2d at 558; *Burger*, 325 F. Supp. 2d at 1033.

Plaintiffs argue that, nonetheless, Sea Nine may have incorporated after Ross' death and thus may be sued separately.  To support this position, Plaintiffs have attached a verification and letter to their response to Sea Nine's motion to dismiss. (V.S. of Steven J. Fram, Esq. ¶ 4 & Ex. A.)  This material does not aid Plaintiffs' argument for two reasons.  First, the Court may not consider these documents in assessing the motion to dismiss.  *See Arizmendi v. Lawson*, 914 F. Supp. 1157, 1160-61 (E.D. Pa. 1996) (in resolving a motion to dismiss, a court may properly look beyond the complaint to matters of public record including court files, records and letters of official actions or decisions of government agencies and administrative bodies, documents referenced and incorporated in the complaint and documents referenced in the complaint or essential to a plaintiff's claim which are attached to a defendant's motion); *see also Kuromiya v. U.S.*, 37 F. Supp. 2d 717, 730-31 (E.D. Pa. 1999) (refusing to consider attached documents not central to complaint).  Second, regardless of the current status of Sea Nine, Plaintiffs sued it as a sole proprietorship, which was not a separate entity apart from Ross.  Plaintiffs sued Sea Nine as a sole proprietorship despite the fact that the sole proprietor had died and they may not now treat it otherwise to avoid dismissal of their case against Sea Nine.

## IV. CONCLUSION

For the above stated reasons, the motion of Sea Nine to dismiss is granted.  An appropriate Order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BISHNU C. BORAH, M.D., P.C., | : | |
| and BISHNU BORAH, M.D., | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MONUMENTAL LIFE INSURANCE | : | |
| COMPANY, et al., | : | No. 04-3617 |
| Defendants. | : | |

## ORDER

**AND NOW**, this **14th** day of **February**, **2005**, upon consideration of the Motion of Sea Nine Associates to Dismiss Plaintiffs' Complaint and the Motion of Steven Ross, Kenneth Elliot, KAE Consultants and Sylvia Calhoun-Ross to Quash, Strike Or Dismiss The Complaint, Plaintiffs' response thereto, Defendant Sea Nine's reply thereon, and for the foregoing reasons, it is hereby **ORDERED** that:

1. Defendants' Motion to dismiss as to Steven Ross (Document No. 14) is **GRANTED**. The Complaint against Ross is **DISMISSED WITH PREJUDICE**.

2. Defendants' Motion to Dismiss as to Kenneth Elliot, KAE Consultants and Sylvia Calhoun-Ross (Document No. 14) is **GRANTED**. The Complaint against Kenneth Elliot, KAE Consultants and Sylvia Calhoun-Ross is **DISMISSED WITHOUT PREJUDICE**.

3. Defendants' Motion to Dismiss as to Sea Nine Associates (Document No. 12) is **GRANTED**. The Complaint against Sea Nine Associates is **DISMISSED**.

**BY THE COURT:**

**/s/ Berle M. Schiller**
**Berle M. Schiller, J.**